UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JESSICA WEBER,** <br><br> Plaintiff, <br><br> vs. <br><br> **AMWINS GROUP BENEFITS LLC,** *et al.*, <br><br> Defendants. | 2:23-CV-10870-TGB-APP <br><br> **OMNIBUS ORDER OVERRULING OBJECTION TO REASSIGNMENT ORDER (ECF NO. 41);** <br><br> **GRANTING LINA'S MOTION TO INTERVENE (ECF NO. 33/34);** <br><br> **STRIKING WEBER'S MOTION FOR AND NOTICE OF DEPOSITION (ECF NO. 66);** <br><br> **DENYING WEBER'S OUTSTANDING PRE-TRIAL MOTIONS (ECF NOS. 29, 32, 42, 64, & 65);** <br><br> **DENYING WEBER'S MOTION FOR COSTS (ECF NO. 67);** <br><br> **AND STRIKING AMENDED COMPLAINT (ECF NO. 68) AS UNAUTHORIZED** |

This is one of several lawsuits Jessica Weber has filed over the denial of a claim for insurance benefits. Pending before the Court are a Motion to Intervene filed by non-party Life Insurance of North America (ECF No. 33/34) and several objections and motions filed by Jessica

1

Weber (ECF Nos. 29, 32, 41, 42, 64, 65, 66, & 67). For the reasons below, the Motion to Intervene will be **GRANTED,** and Weber's objections will be **OVERRULED**. Weber's motion for a deposition will be **STRICKEN**, her other motions will be **DENIED**, and her amended complaint will be **STRICKEN** as unauthorized.

## I.   BACKGROUND

Jessica Weber, an individual who represents herself, used to work as a paralegal. In September 2019, she allegedly experienced an exacerbation of long-standing neurological and mental-health and made a claim for long-term disability benefits under an insurance policy issued by Life Insurance Company of North America (LINA). Her claim was denied.

### *A. Prior Litigation*

After unsuccessfully appealing the denial of her claim, Weber sued CIGNA, the policy administrator, in federal court. *Weber v. CIGNA*, No. 20-12593 (E.D. Mich. Sept. 20, 2020). During the litigation, CIGNA was acquired by another company, New York Life Insurance (New York Life), and Weber amended her complaint to add New York Life and LINA as defendants. In June 2021, the parties notified the Court that they had reached a settlement, and the Court entered a stipulated order dismissing the case with prejudice.

The case did not end there. Some months later, in January 2022, Weber began submitting exhibits to the Court and filing motions to

reopen the case, asserting that Defendants failed to provide her with tax documents they had promised. The Court construed her filings as requests to enforce the settlement agreement. After holding a telephone conference, the Court determined that no action was necessary to enforce the settlement agreement and terminated Weber's motions.

But Weber continued submitting requests and filing miscellaneous exhibits and notices. While these requests were pending, she also filed a second case against the same defendants, No. 22-10952 (E.D. Mich. May 4, 2022), and asked for it to be consolidated with her first one.

After consolidating Weber's two cases, the Court reviewed her filings—including a copy of the settlement agreement—and, in July 2022, entered an order denying her requests to re-open the case. Because the parties agreed that Weber signed the settlement agreement and received the full amount owed under its terms, there was no legally valid reason to re-open her case. As part of the settlement, Weber had agreed not to bring any more claims about her policy against the defendants. To the extent she asserted that she was deceived during negotiations, she lacked evidence of any deception.

Yet Weber continued filing. She also unsuccessfully appealed her case to the Sixth Circuit, No. 22-1639 (6th Cir. Jan. 18, 2023), and petitioned for certiorari, No. 22-6818, 143 S. Ct. 1764 (Mem) (Apr. 17, 2023). The Court cautioned her that the case was closed and that further filings would be stricken, but that warning has gone unheeded.

### *B. Current Litigation*

Simultaneously, while her petition was pending before the Supreme Court, Weber filed this case, naming Amwins Group Benefits LLC (Amwins) as a defendant. No. 23-10870 (E.D. Mich. Apr. 14, 2023). She alleged that New York Life had been acquired by Amwins, and that Amwins continued to deny her benefits. The case was originally assigned to the Honorable Judge Kay F. Behm but later was reassigned to the Honorable Judge Bernard A. Friedman.

As in her prior cases, Weber soon began filing a stream of requests, exhibits, and miscellaneous notices. After holding a telephone status conference with the parties and learning that LINA intended to intervene in the case, Judge Friedman entered an order setting deadlines for LINA to file a motion to intervene and a dispositive motion in this case. Text-Only Order of June 20, 2023.

LINA filed its Motion to Intervene on July 20, 2023. ECF No. 33/34. In the meantime, Weber continued submitting motions and miscellaneous requests, including a Motion for a Discovery Order (ECF No. 29), a Motion for Summary Judgment (ECF No. 32), and a Motion to Add New York Life as a party to the case (ECF No. 42). At that point, the case was reassigned to the undersigned under this Court's companion case rule. Weber objected to the reassignment. ECF No. 41.

While these motions were pending, Weber filed a fourth complaint, No. 23-12794 (E.D. Mich. Nov. 1, 2023), this time naming New York Life

4

as a defendant. As the complaint was identical to the complaint in this case except for the identity of the defendant, the Court entered an order consolidating the two cases and designating this case as the lead case. ECF No. 61.

More filings from Weber followed, including a "Motion for Right to Public Access and Motion for Civil Trial" (ECF No. 64), an "Objection to Consolidation and Motion for Right to Public Access and Motion for Civil Trial" (ECF No. 65), a "Motion for Deposition" (ECF No. 66), and a "Motion for Costs" (ECF No. 67). On January 5, Weber additionally filed an amended complaint (ECF No. 68), styled as a "Cross-Complaint for Indemnification and General Negligence."

The Court will now address all outstanding objections and motions.

## II.   OBJECTION TO REASSIGNMENT (ECF No. 41)

As a threshold matter, the Court will address Weber's objection to the reassignment order. Weber complains that "a Court cannot just reassign a case with no reason stated." In support of her objection, she attaches a motion for reassignment submitted in an unrelated case filed outside of this District.

The order reassigning this case from Judge Friedman to the undersigned specifies that the case was reassigned under the District's companion rule. Under the Local Rules of the Eastern District of Michigan, companion cases are cases in which it appears that substantially similar evidence will be offered at trial or the same or

5

related parties are present and the cases arise out of the same transaction or occurrence. L.R. 83.11(b)(7)(A). Under Local Rule 83.11(b)(7)(D), "[w]hen it becomes apparent to the Judge to whom a case is assigned … that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number."

Here, the exhibits Weber has attached to her complaint suggest that her claims in this case relate to the same insurance policy she sued over in No. 20-12593, which was assigned to the undersigned. It is therefore considered to be a companion case to No. 20-12593, and the undersigned consented to the reassignment. Weber's objection is therefore **OVERRULED**.

### III. MOTION TO INTERVENE (ECF Nos. 33/34)

The Court begins with LINA's Motion to Intervene. LINA asserts it is entitled to intervene in this case as a matter of right because it is the entity responsible for paying benefits under the policy upon which Weber's claim is based. It says that, because Amwins only administers the policy and is not responsible for actually paying the benefits, Amwins cannot adequately address or defend LINA's rights.

Federal Rule of Civil Procedure 24(a) governs intervention as a matter of right. The Rule provides that, "[o]n timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so

6

situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The Sixth Circuit has interpreted this Rule to require an applicant seeking to intervene to establish four elements: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interests." *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011).

LINA meets these requirements.

*First*, there is no question that LINA's motion is timely. In assessing timeliness, the Court must consider: "1) the point to which the suit has progressed; 2) the purpose for which intervention is sought; 3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; 4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and 5) the existence of unusual circumstances militating against or in favor of intervention." *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). This case is still in its preliminary stages; LINA seeks to intervene in order to file a

dispositive motion. There is no suggestion that it delayed filing its motion to intervene as soon as it learned of Weber's case.

*Second*, LINA has adequately established a substantial legal interest in the case. The Sixth Circuit has endorsed "a rather expansive notion of the interest sufficient to invoke intervention of right;" indeed, it has not required even a "specific legal or equitable interest" for a party to intervene. *Grutter v. Bolinger*, 188 F.3d 394, 398 (6th Cir. 1999) (quotations omitted). Here, LINA asserts that it is responsible for paying the benefits owed under Weber's policy should she prevail on her claim for breach of contract. This is sufficient to establish a substantial interest in the outcome of the litigation.

*Third*, LINA has adequately established that its ability to protect its interests would be impaired absent intervention. The burden to make this showing is "minimal." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997). LINA says that the two Defendants named in this case, Amwins and New York Life, lack its motivation to defend the case because they are not the entities ultimately responsible for paying benefits under the policy. So, if LINA is not permitted to intervene, it may lose the opportunity to defend itself against Weber's claim that she is owed money under a policy it issued.

*Fourth*, for similar reasons, LINA has established a possibility that Amwins and New York Life may not be able to adequately protect its interests. A party is not required to show that the representation will, in

8

fact, be inadequate. *Id.* While Amwins and New York Life may ultimately seek the same outcome as LINA (*i.e.*, dismissal of Weber's claims), they may not advance the same arguments that LINA wishes to make to secure this outcome as they are merely administrators of Weber's policy, rather than issuers.

Accordingly, LINA's motion to intervene is **GRANTED**. The Court directs LINA to file the dispositive motion it proposed when the case was pending before Judge Friedman in accordance with the deadlines he established through his Text-Only Order of June 20, 2023—*i.e.*, within 60 days of entry of this order.

### IV. MOTION FOR DISCOVERY ORDER (ECF No. 29)

Before LINA filed its Motion to Intervene, Weber submitted a "Motion for a Discovery Order." Despite its title, the motion does not seek the entry of a discovery-related order but instead advances Weber's rebuttal to a motion under Federal Rule of Civil Procedure 12(b)(6), which she anticipates the Defendants will file. At the close of her motion, she asks the Court to enter an order denying "any future Motion to Dismiss, because [she] has submitted a well-pled set of factual elements pointing to Defendant's unlawful conduct; worthy of a trier of facts deliberations."

Defendants have yet to file any motions to dismiss, under Rule 12(b)(6) or otherwise. Weber's motion is therefore premature and must be **DENIED**. The Court lacks the power to decide theoretical and

9

speculative disputes between parties. *See Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003). In the event that Defendants should file any motions to dismiss under Rule 12(b)(6), Weber may renew her arguments at that time.

## V. MOTION FOR SUMMARY JUDGMENT (ECF No. 32)

The Court turns next to Weber's Motion for Summary Judgment. Weber asserts that this motion is "based upon the pleadings, all discovery, future deposition if required, and Affidavits of Jessica Weber on record." According to Weber, these materials establish "that there is no genuine issue as to any material fact and that [she] is entitled to a judgment as a matter of law."

A party is entitled to summary judgment it she can establish that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (quotations omitted); Fed. R. Civ. P. 56(a). No genuine material factual dispute exists if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is required to resolve all ambiguities and draw all reasonable inferences against the moving party. *Id.*

10

As the plaintiff in this case, Weber bears the burden of proof and is thus required to present evidence as to each element of her claim. *Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 895 (6th Cir. 1991). As the party moving for summary judgment, she is further required to support her position that no genuine material factual disputes exist by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

Under this framework, Weber has failed to establish that she is entitled to summary judgment. Her filing is devoid of coherent citations to the record, nor does she discuss the elements of her claim. Indeed, her motion advances only two arguments that are not directly relevant to the merits of her claim—namely, that her claim is not barred by "judicial estoppel" and that she "has not taken inconsistent legal positions … before this Court." She further anticipates that "Defendant will move to strike [her] summary judgment evidence" as unauthenticated and submitted in violation of Local Rules.

The fact is that Weber has submitted *no* evidence in support of her motion, admissible or otherwise. The Court declines her invitation to comb through the various notices and other filings she has submitted so far in this litigation in search of evidence supporting her claim. *See Emerson v. Novartis Pharms. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011)

11

("A district court is not required to search the entire record to establish that it is bereft of a genuine issue of material fact." (quotations omitted)). As the moving party, Weber had the burden of pointing out evidence in support of her motion. And her reference to "future depositions" show that her motion is premature.

Accordingly, Weber's motion for summary judgment is **DENIED**. The Court is mindful that Weber is proceeding without the benefit of a lawyer, but her self-represented status does not exempt her from following the Federal Rules of Civil Procedure or other court rules. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). So far she has failed to comply with Local Rule 7.1(a), which requires a party to state whether that party has attempted to seek concurrence to a proposed motion. Future motions with this deficiency will be summarily stricken. Additionally, Weber's decision to file a premature motion for summary judgment carries consequences. Under Local Rule 7.1(b)(2), she may not file a second motion for summary judgment without first seeking permission from the Court.

## VI. MOTION TO ADD NEW YORK LIFE (ECF No. 42)

In this filing, Weber seeks to add New York Life as a defendant. Citing Federal Rule of Civil Procedure 24(a), she says Amwins cannot adequately protect its interests, as Amwins lacks settlement authority.

Rule 24(a) governs intervention in a case by a non-party as a matter of right. As the Plaintiff in the case, Weber lacks standing to file a motion

to intervene; she should have proceeded by amending her complaint under Rule 15 to name New York Life as a defendant.

Nonetheless, New York Life has been added as a party by the Court's order of consolidation, so Weber's motion is **DENIED as moot.**

### VII. MOTION FOR RIGHT TO PUBLIC ACCESS AND MOTION FOR CIVIL TRIAL (ECF No. 64)

Citing the First and Sixth Amendments, Weber demands that her case be set for a public trial as soon as possible. Her filing suggests that she is hoping to initiate a criminal prosecution against the defendants.

The Sixth Amendment governs a defendant's rights in a *criminal* trial and is inapplicable to the civil case Weber has initiated. Her case is instead governed by the Seventh Amendment, which provides that, "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any court of the United States, than according to the rules of the common law." As a private citizen, Weber generally cannot prosecute violations of criminal law; that authority is reserved to the executive arms of the State of Michigan and the federal government.

As for Weber's reference to the First Amendment, court records and proceedings are currently open to the public unless otherwise ordered, as the Court recognizes that the public has a strong interest in obtaining

13

information contained in the court record. *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

District courts "enjoy broad discretion in matters of pretrial management, scheduling, and docket control." *Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006). At this juncture, a trial would not be appropriate because the parties have yet to complete discovery, and defendants must be accorded an opportunity to file their own dispositive motions. Discovery is the process in which the parties gather evidence relevant to the claims to be presented at trial.

Accordingly, setting the matter for trial is premature at this stage, and Weber's motion must be **DENIED**.

### VIII. OBJECTION TO CONSOLIDATION AND MOTION FOR RIGHT TO PUBLIC ACCESS (ECF No. 65)

Although styled as an "objection" to the Court's order of consolidation, this filing largely repeats Weber's demands for the case to be set for a trial as soon as possible.

To the extent the filing is meant as an objection, it is **OVERRULED**. Attachments to Weber's complaint in this case and in No. 23-12794 show that it concerns the same set of operative facts. Weber has thus filed at least two lawsuits over the same occurrence; it remains to be seen through LINA's dispositive motions if she has filed a total of four. Weber is warned that filing duplicative lawsuits concerning the same set of operative facts again and again constitutes an abuse of the

14

judicial system that may result in sanctions. The Court may, for example, prohibit a filer from filing further lawsuits in the District without first obtaining the Court's permission. The Sixth Circuit Court of Appeals has instructed that this is the proper method for dealing with prolific filers and does not violate the First Amendment. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

In all other respects, the motion is **DENIED as duplicative** of her earlier motion for a civil trial, which the Court has already considered and rejected.

### IX. MOTION FOR DEPOSITION (ECF No. 66)

In this filing, Weber states that she is providing notice that she will take the depositions of two persons (including herself) at date that has yet to be determined.

Under Local Rule 26.2(a), a party generally may not file discovery material with the court unless:

(1) it provides factual support for a motion, response, or reply;
(2) it is read or otherwise used during a trial or other proceeding; or
(3) it is so ordered by the Court.

Weber's filing does not request the entry of any discovery-related order and falls under the category of prohibited discovery material. Accordingly, this filing will be **STRICKEN**.

## X. AMENDED COMPLAINT (ECF No. 68)

Weber has submitted a filing, styled as a "Cross-Complaint for Indemnification and General Negligence." The substance of the filing demonstrates that it is an amended complaint which seeks to add Honigman LLP, Defendants' counsel in her first case, as a defendant.

Under Federal Rule of Civil Procedure 15(a)(2), for a case that has progressed to this stage, "a party may amend its pleading only with the opposing party's written consent or the court's leave."

Weber has not obtained leave to file her amended complaint, nor has she shown that Defendants agreed to the amendment. Accordingly, the amended complaint will be **STRICKEN** as unauthorized.

## XI. MOTION FOR COSTS (ECF No. 67)

Weber asserts that she is entitled to costs under Federal Rule of Civil Procedure 54(d), which provides—in relevant part—that costs "should be allowed to the prevailing party" in a case. Weber's case is still in its preliminary stages. No judgment has yet entered in her favor, so this motion must be **DENIED**.

One final matter. In her filing, Weber says she is being "forced" to litigate and is doing her legal research using the internet and AI software. Since filing her complaint in this case in April last year, Weber has submitted no less than 10 motions—to say nothing of the multiple "notices," "affidavits," and "exhibits" she has filed.

While the Court recognizes that Weber is proceeding without the assistance of an attorney, many of these filings have harassed both the Defendants and the Court, in violation of Federal Rule of Civil Procedure 11. Without allowing either the Defendants or the Court to address her existing filings, Weber simply files more. Many of these are patently frivolous and contain no clear request for action by the Court. *See, e.g.*, ECF No. 25 ("Affidavit of Hardship"); ECF No. 45 ("Notice of More Communication With New York Life"); ECF No. 46 ("Notice of More Communication With New York Life"); ECF No. 50 ("Notice of Fraud Scheme"); ECF No. 52 ("Notice of Misfeasance"); ECF No. 55 ("Notice of Conflict with the Pro Se Clinic"); ECF No. 56 ("Notice of Government Corruption").

Rule 11 requires that each pleading and motion be signed by an attorney or the party if the party is proceeding without the assistance of counsel. The rule explains that, by presenting a filing with her signature to the court, a party (even an unrepresented one), "certifies to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... [i]t is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the costs of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law." Fed R. Civ. P. 11(b).

17

If a Court determines that Rule 11(b) has been violated, it may impose sanctions—including monetary ones—on the party that violated it. That includes Ms. Weber. Rule 11 sanctions cannot be avoided merely by a subjective belief that the law or facts are a certain way; the inquiry is objective. *Indianapolis Colts v. Mayor & City of Baltimore*, 775 F.2d 177, 181 (7th Cir. 1985). While she is not represented by counsel, Weber is still obligated to litigate in good faith. The Court will not allow Weber to continue submitting frivolous filings with impunity.

Accordingly, for good cause shown, the Court hereby **ORDERS** Weber not to file any additional motions without first seeking and receiving the Court's permission. Such a request must cite to valid legal authority justifying the motion proposed. Failure to comply with this Order may result in this case being dismissed with prejudice.

The next filing in this case should be LINA's dispositive motion.

## XII. CONCLUSION

For the reasons above, it is hereby **ORDERED** that:

- Weber's Objection to the Order of Reassignment (ECF No. 41) is **OVERRULED**;
- LINA's Motion to Intervene (ECF Nos. 33/34) is **GRANTED**;
- Weber's Motion for Discovery Order (ECF No. 29) is **DENIED**;
- Weber's Motion for Summary Judgment (ECF No. 32) is **DENIED**;

- Weber's Motion to add New York Life (ECF No. 42) is **DENIED as moot**;

- Weber's Motion for Right to Public Access and Motion for Civil Trial (ECF No. 64) is **DENIED;**

- Weber's Objection to Consolidation and Motion for Right to Public Access and Motion for Civil Trial (ECF No. 65) is **OVERRULED** and **DENIED**;

- Weber's Motion for Deposition and Notice of Deposition (ECF No. 66) is **STRICKEN** under Local Rule 26.2(a) as prohibited discovery material;

- Weber's Amended Complaint (ECF No. 68) is **STRICKEN** as unauthorized;

- Weber's Motion for Costs (ECF No. 67) is **DENIED**; and

- Weber is **ORDERED** not to file any additional pleadings without first seeking and obtaining permission of the Court.

**IT IS SO ORDERED**, this 10th day of January, 2024.

                        BY THE COURT:


                        /s/Terrence G. Berg
                        TERRENCE G. BERG
                        United States District Judge