UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JESSICA PAGE WEBER,**  Plaintiff,  vs.  **AMWINS GROUP BENEFITS LLC,**  Defendants. | 2:23-CV-10870-TGB-APP  **ORDER STRIKING ECF NOS. 92, 93, 94, 95, 96, 97, 98, 100, & 101 AND ENJOINING PLAINTIFF FROM FURTHER FILINGS** |

On March 15, 2024, Jessica Page Weber filed a notice indicating that she wished to have her case dismissed with prejudice. ECF No. 88. Since Federal Rule of Civil Procedure 41 does not permit unilateral dismissals after the opposing party "serves either an answer or a motion for summary judgment," *see* Fed. R. Civ. P. 41(a), the Court interpreted her filing as a motion for an order dismissing her case. On April 9, 2024, in the absence of objections from the Defendants, the Court granted the motion and entered an order dismissing the case. ECF No. 90. A final judgment entered that same day. ECF No. 91.

Since filing her notice of dismissal, Weber has submitted numerous other documents. These include:

1) a document styled as an objection to her own notice of dismissal, the contents of which do not clearly relate to the subject matter of this breach-of-contract case, ECF No. 89;
2) a "Stipulation of Dismissal," which has not been executed by the opposing parties, ECF No. 92;

1

3) a document styled as a "Notice of Request for Review of Settlement Agreement," which contains no clear request for relief the Court is able to provide, ECF No. 93;
4) a "Notice of No Attorney" stating that Weber is unrepresented, a fact of which the Court is well aware, ECF No. 94;
5) a "Notice of Limited Scope Representation," in which Weber claims she is admitted to practice in this district to represent herself, ECF No. 95;
6) a "Notice to Attorney General" (it is unclear whether the state or federal one), in which Weber asserts she intends to challenge the constitutionality of an unidentified statute, ECF No. 96;
7) an "Objection to Order Dismissing Case," which does not state a coherent objection but mentions "relevancy" and "timeliness," ECF No. 97;
8) a "Notice of Attendance," which again does not state a request for relief the Court is able to grant, ECF No. 98;
9) a "Response to Notice and Exhibits," indicating that Weber will apparently be out of town on May 1, 2024, ECF No. 100; and
10) a "Notice of More Communication," to which Weber has attached emails she exchanged with one of the Defendants' prior counsel over two years ago.

None of these documents clearly retracts Weber's notice of dismissal, some are nonsensical, and all are frivolous.

The Court recognizes that Weber is proceeding without the assistance of an attorney and suffers from self-admitted disabilities. It has afforded her considerable leniency because of these circumstances. But Weber has been warned numerous times, both by the undersigned and by Magistrate Judge Anthony P. Patti, that continuing to file "notices" containing no clear requests for action by the Court is unacceptable and may result in sanctions.

Despite several warnings and court orders, Weber's conduct has continued unabated across several filings in at least four cases. At this stage the Court is unable to afford her the kind of help that she needs. Weber's self-represented status does not give her unbridled license to disregard clear warnings, harass the opposing parties, and ignore orders of the Court. Nor does it give her carte blanche to pick and choose which orders she will follow and which orders she will willfully disregard. *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996).

For the above reasons, the filings docketed as ECF Nos. 92, 93, 94, 95, 96, 97, 98, 100, and 101 are hereby **STRICKEN**.

The Court has previously ordered Weber not to abuse the process of the judicial system by submitting frivolous filings. *See, e.g.*, Order of Jan. 10, 2024, ECF No. 70. And Weber has filed at least four lawsuits in this district, including this one, that all appear to relate to the same occurrences. *See* No. 23-12593, *Weber v. CIGNA* (filed Sept. 20, 2020); No. 22-10952, *Weber v. CIGNA* (filed May 4, 2022); No. 23-12794, *Weber v. New York Life* (filed Nov. 1, 2023). The dockets of these cases are all littered with countless "notices" and warnings from the Court to Weber to refrain from submitting frivolous filings. As a means of protection against abusive and frivolous litigation, a court may enjoin a party from filing any pleadings. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). Such a remedy is appropriate here.

Excepting any timely notice of appeal in this case, the Court hereby **ORDERS** that Jessica Page Weber is **ENJOINED** from submitting any further filings to the Court, and the Clerk is **DIRECTED** not to accept for filing any papers she submits unless the Court has granted advance leave for such a filing.

This case remains closed.

**SO ORDERED** this 22nd day of April, 2024.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge